UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **STACY HILTON** | : | **DOCKET NO. 2:21-cv-695** |
| **VERSUS** | : | **JUDGE TERRY A. DOUGHTY** |
| **STEVEN CLAY FARQUHAR** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is complaint [doc. 1] filed by pro se plaintiff Stacy Hilton, who is proceeding *in forma pauperis* in this matter.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For reasons stated below, **IT IS RECOMMENDED** that the Plaintiff's complaint be **DISMISSED WITH PREJUDICE.**

**I.**
**BACKGROUND**

Plaintiff alleges that the defendant has failed to comply with alimony and child support orders and owes her delinquent child support and alimony payments, pursuant to an unspecified state court order.

**II.**
**LAW & ANALYSIS**

*A. Frivolity Review*

Plaintiff is proceeding in forma pauperis. Doc. 3. District courts have authority under Section 1915 to dismiss a complaint sua sponte where the complaint " (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a

-1-

defendant who is immune from such relief." *Malone v. La. Dep't of Safety & Corr.*, 2017 U.S. Dist. LEXIS 151143 (W.D. La. Aug. 25, 2017) (citations omitted); see *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A court may dismiss a complaint under this standard "if it lacks an arguable basis in law or fact." *Id.*; see *Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992) (explaining the distinction between factual and legal frivolousness in in forma pauperis complaints). Although courts construe pro se filings liberally in this context, dismissal is appropriate where the claims have no chance of success, *Id.*; cf. *Booker v. Koonce*, 2 F.3d 114, 115-16 (5th Cir. 1993) (noting dismissal of claims with "some chance" of success is inappropriate at screening stage but affirming dismissal where pro se plaintiff's claim "[was] based upon an indisputably meritless legal theory"). Moreover, "[t]he statute applies equally to prisoner and non-prisoner cases." *Id.*; see, e.g., *Booker*, 2 F.3d at 115 (applying Section 1915 to non-prisoner, former arrestee who claimed wrongful arrest and affirming dismissal under Section 1915); *Patel v. United Airlines*, 620 F. App'x 352 (5th Cir. 2015) (per curiam) (applying Section 1915 to non-prisoner pro se litigant); *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) (per curiam) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs."). The Court finds in accord with these authorities that Section 1915(e)(2)(B) applies to non-prisoners and prisoners alike and, accordingly, has performed an initial review of the allegations.

### B. *Jurisdiction*

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 114 S. Ct. 1673, 1675 (1994). This Court lacks jurisdiction to review Plaintiff's complaint or any other issues related to her divorce or child custody issues. Federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues. *Rykers v.*

*Alford*, 832 F.2d 895, 899 (5th Cir. 1987). Courts have reasoned that (1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular federal interest, while crowding the federal court docket. *Id*. at 899-900. "If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Id*. at 900. Because Plaintiff is asking this Court to rule on child support and alimony enforcement issue, this Court lacks jurisdiction.

To the extent Plaintiff's claims are premised on a constitutional issue, even if the Court had jurisdiction over Plaintiff's lawsuit, it would need to abstain from ruling on the case under the abstention doctrine of *Younger v. Harris*, 91 S. Ct. 746 (1971). Under the rule in *Younger* and its progeny, federal district courts are instructed to refrain from entertaining demands for injunctive or declaratory relief premised upon constitutional challenges to state criminal or civil proceedings which are imminent at the time the federal suit is initiated. *Id.* (injunctive relief); *Samuels v. Mackell*, 91 S.Ct. 764 (1971) (declaratory relief); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 102 S. Ct. 2515 (1982) (extending the abstention doctrine to cases seeking an injunction of state civil proceedings). The Fifth Circuit has determined *Younger* and *Middlesex* compel a federal district court to abstain under the following circumstances: (1) the dispute "involve[s] an 'ongoing state judicial proceeding;'" (2) an important state interest in the subject of the proceeding is involved; and (3) the state proceedings afford an adequate opportunity to raise constitutional challenges. *Wightman v. Texas Supreme Court*, 84 F.3d 188, 189 (5th Cir. 1996), *cert. denied*, 117

S. Ct. 744 (1997) (citing *Middlesex Cnty.*, 457 U.S. at 432). Plaintiff's claims involve family and child support issues, both of which are important state interests, and Louisiana law provides a sufficient avenue for her to present her claims. Therefore, this Court is compelled by *Younger* to abstain from hearing Plaintiff's lawsuit.

### .III. CONCLUSION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITH PREJUDICE** for lack of jurisdiction.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 24th day of August, 2021.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE